LMIRIAM G. WALTZER, Judge.
Defendants/relators, State Farm Mutual Automobile Insurance Company and its insured, Ralph C. Wooten, seek this Court’s supervisory review of the trial court judgment overruling its peremptory exception of prescription.
FACTS
Clarcia Matthews and his guest passenger/co-employee Tino Lyons were injured on 14 December 1999, when the car driven by Wooten struck their vehicle. Matthews and Lyons were in the course and scope of their employment with Louisiana Gas Service Company (La.Gas) at the time of the accident.
On 6 December 2000, Matthews filed a personal injury suit against Wooten and his insurer, State Farm, and the suit was served on 12 December 2000. On 12 February 2001, La. Gas, and its insurer, CNA Insurance Company, filed a Petition of Intervention seeking reimbursement of workers’ compensation benefits paid to both Matthews and Lyons.
On 17 October 2001, Lyons filed “Plaintiff Amendment to Intervention,” seeking to recover damages for his personal injuries. Relators excepted to Lyons’ amendment/intervention on grounds of vagueness, ambiguity, no right of action and prescription.
ROn 14 May 2002, the trial court overruled relators’ exception of prescription.
DISCUSSION
Relators argue that Lyons’ claim is barred by the one-year prescriptive period for delictual actions. LSA-C.C. art. 3492. Relators argue that Lyons’ intervention is prescribed. Lyons filed the intervention *622 on 17 October 2001, almost two years after the accident and eight months after La. Gas’s timely intervention.
Lyons argues that La. Gas’ intervention, filed more than a year after the accident but within the ninety-day period provided in LSA-C.C.P. art. 1067, interrupts prescription in favor of Lyons’ intervention which he filed more than ninety days after service of the main demand.
A petition of intervention is an incidental demand. LSA-C.C.P. art. 1031; Moore v. Gencorp Inc., 93-0814 (La.3/22/94), 633 So.2d 1268. La. Gas’ intervention was timely as to Matthews because Matthews’ personal injury suit interrupted prescription. La. Gas’ intervention was prescribed as to Lyons, but filed pursuant to LSA-C.C.P. art. 1067 which article provides in pertinent part:
An incidental demand is not barred by prescription or preemption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand ...
LSA-C.C.P. art. 1067 exempts any incidental demand from any applicable prescriptive statute when prescription accrues during the ninety day period provided by article 1067. Smith v. Hartford Accident & Indemnity Co., 399 So.2d 1193, 1196 (La.App. 3 Cir.1981), writ denied, 406 So.2d 604 (La.1981).
Lyons relies on Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983) as support for his position that his claim is not prescribed under Louisiana law. Louviere and the cases cited therein hold that the filing of a petition for damages [sby an injured employee interrupts prescription running in favor of the employer’s claim for recovery of workers’ compensation benefits paid to the employee for injuries caused by a third party. In Louviere, the prescriptive period applicable to the claims at issue had not yet accrued when the employer/workers’ compensation carrier filed its claim for reimbursement of benefits. Lyons’ reliance on Louviere is misplaced. Louviere held that “a timely petition by an employer’s workers’ compensation carrier ... interrupts prescription, thereby permitting the employee to file an action for his own damages after the anniversary date of the accident.” Id. at 95. Unlike Louviere, Lyons’ claims had prescribed by the time La. Gas and CNA filed their claim. Moreover, Lyons could not avoid prescription because he failed to intervene within 90 days of service of the main demand. LSA-C.C.P. art. 1067.
CONCLUSION
We grant relators’ writ; reverse the trial court’s judgment, grant the exception of prescription and dismiss Lyons’ intervention.
WRIT GRANTED, JUDGMENT REVERSED AND EXCEPTION GRANTED.