871 So.2d 1075 (2003)
Jody and Lora BORDELON Individually, and on Behalf of their Minor Child, Brandon
v.
MEDICAL CENTER OF BATON ROUGE and Andrew T. Zaruski, M.D.
No. 2003-C-0202.
Supreme Court of Louisiana.
October 21, 2003.
As Corrected January 28, 2004.
*1076 Daniel A. Reed, Seale, Smith, Zuber & Barnette, Baton Rouge, Charles F. Gay, Ann M. Halphen, Amy C. Lambert, Adams & Reese, Batn Rouge, for applicant.
Joseph E. Stockwell, Baton Rouge, for respondent.
VICTORY, J.
We granted this writ application to determine whether failure to request service of citation on a defendant within 90 days of the filing of a lawsuit, as required by La. C.C.P. art. 1201, renders the entire lawsuit an absolute nullity by operation of law, such that the filing of that suit does not serve to interrupt prescription under La. C.C. art. 3463. After reviewing the record and the applicable law, we affirm the judgment of the court of appeal and find that, in the absence of non-service for bad faith reasons, the filing of the lawsuit interrupts prescription, even if the defendant is not served within 90 days.

FACTS AND PROCEDURAL HISTORY
This is a medical malpractice case brought by the parents of Brandon Bordelon *1077 against Dr. Andrew Zaruski and the Medical Center of Baton Rouge for failure to diagnose testicular torsion in December of 1995. After a medical review panel issued an opinion, the Bordelons timely filed suit against Dr. Zaruski and the Medical Center on February 6, 1998, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Service was not requested on either defendant. The Medical Center eventually filed a Motion to Dismiss for failure to request service. The Bordelons did not offer any evidence to oppose the motion or to show good cause for the failure to request service. Thus, the trial court granted the motion to dismiss on August 3, 1998, in open court pursuant to La. C.C.P. art. 1201. The judgment was signed on August 10, 1998. On August 3, 1998, the same day that the motion to dismiss was granted in open court, the Bordelons filed a second suit against the Medical Center in the same district court. The Medical Center filed an exception of prescription on October 26, 1998, which was granted on January 4, 1999, with the trial judge finding that the first suit was effectively abandoned by non-service and did not serve to interrupt prescription. The First Circuit affirmed in part, reversed in part, and remanded the case to the trial court to allow plaintiffs to amend their petition to allege facts which would demonstrate an interruption of prescription. On June 9, 2000, after the second suit was remanded to the district court, the Bordelons amended their petition, pleading that they had timely filed a first lawsuit which interrupted prescription and adding Dr. Zaruski as a defendant. The defendants filed exceptions raising the objection of prescription, and the trial court again sustained the exceptions and dismissed the Bordelon's petition, reasoning:
Failure to serve is to be treated as an absolute nullity. As Black's [Law Dictionary] suggests, a nullity is to be considered as though it never occurred. This is analogous to the treatment of the abandonment provisions.... Here, as with abandonment, an order is not necessary to effectuate the dismissal of the claim. After the 90 day period has passed, by operational (sic) law, the case is deemed dismissed. Although, the plaintiff[s] filed the second suit before the order of dismissal was signed, the case had already been dismissed by operation of law. Thus, the plaintiff[s] cannot take advantage of interruption of prescription. Keeping with the intent of the law, I consider that the initial suit is an absolute nullity. As with abandonment, a nullity is considered never to have occurred. Filing a suit alone, did not interrupt prescription. Without service on the defendants, the lawsuit was an absolute nullity, which does not require a judgment. Therefore, the plaintiff[s'] claim has prescribed, and I'm going to grant this.
The First Circuit Court of Appeal granted the Bordelon's writ application and reversed, finding that the first suit filed within the prescriptive period interrupted prescription as long as that suit was pending, and therefore the filing of the second suit before the judgment was signed dismissing the first suit was timely. Bordelon v. Medical Center of Baton Rouge and Andrew T. Zaruski, M.D., 01-2164 (La. App. 1 Cir. 12/20/02), 836 So.2d 407. We granted the defendants' writ application. Bordelon v. Medical Center of Baton Rouge and Andrew T. Zaruski, M.D., 03-0202 (La.4/4/03), 840 So.2d 1209.

DISCUSSION
Prescription runs against all persons unless an exception is established by legislation. La. C.C. art. 3467. When a petition reveals on its face that prescription *1078 has run, the plaintiff bears the burden of establishing that the claim has not prescribed. LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226, 1228; Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206. The three legislative principles on which plaintiff can rely to meet that burden are suspension, interruption, and renunciation. Id.
La. R.S. 9:5628 provides the prescriptive period in medical malpractice cases as follows:
No action for injury or death against any physician, ... hospital ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
In this case, the petition filed on August 3, 1998, reveals on its face that prescription has run. However, plaintiffs allege that prescription was interrupted by virtue of their first suit timely filed on February 6, 1998. Indeed, La. C.C. art. 3462 clearly states that "[p]rescription is interrupted when the ... obligee commences action against obligor, in a court of competent jurisdiction and venue." There is no question that the first lawsuit was filed in a court of competent jurisdiction and venue. Further, plaintiffs rely on La. C.C. art. 3463, which provides:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at trial.
As the comments to La. C.C. art. 3463 correctly recognize, "if an interruption results and the action is dismissed without prejudice, the period during which the action was pending does not count toward the accrual of prescription. The plaintiff then has the full prescriptive period within which to bring a new action." La. C.C. art. 3463, Comment (b) (citing Hebert v. Cournoyer Oldsmobile-Cadillac-G.M.C., Inc., 405 So.2d 359 (La. 4th Cir.1981)); see also LeBreton, supra at p. 1229 ("interruption not only stops the running of prescription, it `annuls the commenced prescription so that after the interruption ceases, a new prescription must commence.'")
Thus, the plaintiffs argue, prescription was interrupted by the filing of their first suit on February 6, 1998, and that suit was pending until August 10, 1998, the day the judgment dismissing the first suit was signed, or at least until August 3, 1998, the day the case was dismissed in open court. Prescription began to run anew from that time, therefore, their second suit was timely filed on August 3, 1998.
Defendants rely on La. C.C.P. art. 1201 for their argument that dismissal for failure to serve within 90 days renders a petition absolutely null such that the suit does not interrupt prescription. La. C.C.P. art. 1201 provides in part:
(A) Citation and service thereof are essential in all civil actions except summary and executory proceedings and divorce actions under Civil Code Article 102. Without them all proceedings are absolutely null.
...

*1079 (C) Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. Defendant may expressly waive the requirements of this Paragraph by any written waiver.[1]
In this case, the first suit was dismissed without prejudice due to plaintiffs' failure to request service upon the defendants within this 90 day time period, pursuant to La. C.C.P. art. 1672(C), which provides:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
Relying on the Third Circuit case of Bellard v. Lake Charles Memorial Hospital, 00-1599 (La.App. 3 Cir. 4/4/01), 787 So.2d 1017, defendants argue that failure to request service on a defendant within the 90-day time period without good cause renders the lawsuit an absolute nullity which does not interrupt prescription. In Bellard, two identical lawsuits were pending at the same time, one filed in August of 1999 and the other filed in February of 2000. However, the defendant was not served within 90 days in the August 1999 lawsuit. The trial court granted an exception of lis pendens and dismissed the second suit.[2] The court of appeal reversed, relying on La. C.C.P. art. 1201 that absent citation and service of a pleading, all proceedings associated with the pleadings are "absolutely null," and found that since the plaintiff never effected citation and service of the August 1999 suit, those proceedings were absolutely null, therefore, there were not two suits pending at the same time. 787 So.2d at 1019.
We disagree that Bellard's holding should apply in this case. Instead, we agree with the reasoning of two other court of appeal cases, and the court of appeal in this case, that have expressly addressed the affect of the 90-day service rule of La. C.C.P. art. 1201 on the interruption of prescription, and have held that in the absence of bad faith, a timely filed lawsuit in a court of competent jurisdiction and venue serves to interrupt prescription, even where the defendant is not served within the 90 day time period. See Futrell v. Cook, 00-2531 (La.App. 4 Cir. 12/19/01), 805 So.2d 325; Jacobs v. Louisiana Farm Bureau Insurance Companies, 01-837 (La.App. 3 Cir. 12/19/01), 815 So.2d 858.
The facts of Jacobs are essentially the same as the facts of this case, except that in Jacobs, the second suit was filed after the judgment dismissing the first suit for non-service within 90 days was actually signed. The court of appeal in Jacobs affirmed the trial court's finding that the suit had not prescribed, specifically declining to follow its earlier holding in Bellard that without citation and service, the entire lawsuit is absolutely null under La. C.C.P. *1080 art. 1201.[3] The Jacobs court concluded instead that, without citation and service, it is only the court's actions, "the proceedings," that are absolutely null, not the lawsuit itself; therefore, prescription is interrupted by the filing of the first suit.[4]Jacobs, supra at 862.
In holding that prescription was interrupted by a timely filed first suit, even where plaintiff did not serve the defendants within the 90-day period of La. C.C.P. art. 1201, the court in Jacobs applied the legal principle that when interpreting a statute, courts must consider all *1081 laws together, which are on the same subject matter, La. C.C. art. 13, and considered La. R.S. 13:5107 and La. R.S. 9:5801, both of which show the legislative intent on this issue. La. R.S. 13:5107, which applies to suits against the state, provides in part:
D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue. (Emphasis added.)
We agree with the Jacobs' reasoning that while this statute may not be directly applicable as it involves suits against the state, "[s]ignificantly, when the legislature enacted the statute, it expressly provided that `the effect of interruption of prescription as to other persons shall continue,'" "dliberately confirm[ing] La. Civ.Code art. 3463's `interruption of prescription' effects, as the article pertains to private entities." 815 So.2d at 861. Indeed, had the legislature intended that prescription is not interrupted as to all defendants dismissed because of non-service within 90 days under La. C.C.P. art. 1672(C), the portion of La. R.S. 13:5107 specifying that prescription is not interrupted when the state is dismissed for non-service would be redundant, and the portion of La. R.S. 13:5107 stating that interruption continues against all "other persons," would be nonsensical.
The court in Jacobs also correctly relied on La. R.S. 9:5801 in finding that, in the absence of bad faith, a suit filed but not served within 90 days interrupts prescription. La. R.S. 9:5801 applies to the facts of this case and Jacobs as it directly addresses interruption of prescription in cases where a defendant is dismissed from suit because service was not timely requested. Included in the part of the Civil Code Ancillaries entitled "Part II, Interruption and Suspension" and specifically entitled "Involuntary dismissal, failure to timely request service and citation," La. R.S. 9:5801 provides:
Notwithstanding the provisions of Civil Code Article 2324(C), interruption is considered never to have occurred as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith. Nonetheless, as to any other defendants or obligors, an interruption of prescription, as provided in Civil Code Article 3463, shall continue.
This statute clearly provides that where a defendant is dismissed because service was *1082 not timely requested, interruption of prescription is considered never to have occurred if a court finds the failure to serve was due to bad faith. See Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise, Vol. 1, Civil Procedure, § 8.3, p. 183 and n. 26. As in Jacobs, in this case there was no argument or indication that plaintiffs acted in bad faith in failing to serve the defendants, without which, the statute clearly provides, interruption of prescription continues. Certainly, there would have been no reason for the legislature to specify in La. R.S. 9:5801 that prescription is not interrupted where a defendant is dismissed from suit because of non-service within 90 days if the non-service was in bad faith, if it had intended that prescription would not be for all defendants not served within 90 days under La. C.C. art. 3463. Likewise, by providing that "as to any other defendant... an interruption of prescription, as provided in Civil Code Article 3463, shall continue," the legislature was expressing its intent that in cases not involving bad faith, interruption of prescription continues even if the defendant is not served within 90 days.
We also reject defendants' argument that a finding of lack of "good cause" for untimely service requiring dismissal under La. C.C.P. art. 1201 equals "bad faith" under La. R.S. 9:5801 such that interruption of prescription is considered never to have occurred. See Futrell, supra.[5] In Futrell, a medical malpractice case such as this one involving multiple defendants, the court relied on La. R.S. 9:5801 and noted that interruption of prescription is considered never to have occurred only where a defendant is dismissed from suit because service was not timely requested and the court finds that failure to timely request service was due to bad faith. Id. The court rejected the medical malpractice defendants' argument that lack of good cause for service under La. C.C.P. art. 1672(C) equates to a finding of bad faith under La. R.S. 9:5801, finding no basis in the law for such an assumption. Id.
We agree. La. C.C.P. art. 1201, which requires dismissal for non-service unless good cause is shown, and La. R.S. 9:5801, which provides that interruption of prescription is considered never to have occurred when a defendant dismissed because of non-service within 90 days for bad faith reasons, are not inconsistent or ambiguous and can be read together in order to give the intended meaning to each. La. C.C.P. art. 1201 provides that a court need not dismiss a defendant for non-service within 90 days if the plaintiff shows good cause for failure to serve. Such a case is not dismissed and the court can then order that the plaintiff serve the defendant within a specified time. However, La. R.S. 9:5801 goes one step farther and provides *1083 that failure to serve a defendant within 90 days, where no good cause is shown, not only results in dismissal, but, when a court finds that the untimely or non-service was due to bad faith, this also results in the first suit not interrupting prescription as to that defendant. Lack of good cause[6] and bad faith[7] have different meanings in the law and the legislature is presumed not to use one term when it intended to use another.
Finally, we address defendants' argument that the conclusion that allowing the filing of a petition without service and citation to interrupt prescription as to a second suit allows a plaintiff another year to file and potentially allows a plaintiff to prolong the resolution of a case indefinitely. We are unpersuaded by this argument. Pursuant to La. R.S. 9:5801, a plaintiff who files lawsuits and then has the lawsuits dismissed for failure to serve the defendants within the 90-day period, only to file the same lawsuit again can be found to be in bad faith for any number of reasons under La. R.S. 9:5801. By enacting La. R.S. 9:5801, the legislature dealt with the type of situation that defendants are concerned about. Secondly, under La. C.C.P. art. 561, a lawsuit is deemed abandoned without formal order, when a party fails to take any step in its prosecution or defense in the trial court for a period of three years, and under La. C.C. art. 3463, interruption of prescription is considered never to have occurred by virtue of filing suit in a court of competent jurisdiction and venue when the plaintiff abandons the suit, voluntarily dismisses it, or fails to prosecute it at trial. Contrary to the trial court's reasoning in this case, plaintiffs did not "abandon" the lawsuit in this case by virtue of their failure to request service in 90 days, for the above articles clearly require a three-year period of inaction by a plaintiff for a lawsuit to be deemed abandoned. Had the legislature intended to shorten the abandonment period to 90 days for non-service, it could have included that in the conditions under which prescription is not interrupted under La. C.C. art. 3463, which it did not.

CONCLUSION
Prescription is interrupted by the timely filing of a lawsuit in a court of competent jurisdiction and venue, and continues as long as that suit is pending. A request for service of citation upon the defendant or defendants is required within 90 days, after which time, the court, on its own motion or that of any other party, shall dismiss from the action the defendant against whom service was not requested, unless *1084 good cause for non-service within 90 days is shown. However, unless that unserved party is the state, that lawsuit, although not timely served, interrupts prescription, unless the court finds that failure to request service was due to the plaintiff's bad faith. In that case, interruption of prescription is considered never to have occurred. Because there was no finding, or allegation, that the plaintiffs' failure to request service upon the defendants in the first lawsuit filed on February 6, 1998, that lawsuit, although dismissed for non-service, served to interrupt prescription such that plaintiffs' second lawsuit filed on August 3, 1998 was timely filed.

DECREE
For the reasons expressed herein, the judgment of the court of appeal is affirmed.
AFFIRMED.
NOTES
[1] Article 1201(C) was amended in 1997 to add the 90 day time frame to the requirement to serve a party.
[2] La. C.C.P. art. 531 provides in part that "[w]hen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925."
[3] We note also that a member of the panel that decided Bellard concurred in Jacobs, pointing out that, while he agreed with Bellard `s holding that pleadings constituted "proceedings" under La. C.C.P. art. 1201, the court in Bellard was not faced with the issue of prescription making that case inapplicable, but had it been, his view would have been that "civil action or suit, while absolutely null under La. C.C.P. art. 1201(A), still has the effect of interrupting prescription as long as it is pending in a court of competent jurisdiction in the proper venue." Jacobs, supra at p. 865 (concurring opinion by Judge Gremillion).
[4] Specifically, the court in Jacobs reasoned:

We decline to follow Bellard, primarily, because we believe that its finding that "[a]bsent citation and service of the pleading pursuant to La.Code Civ.P. art. 1201, all proceedings associated with the pleading `are absolutely null[,]'" impliedly includes the lawsuit itself. This finding, if followed, would nullify the provision in the second sentence of La.Civ.Code art. 3463 as well as La.R.S. 13:5107(D)(3)'s last clause (confirming that prescription is interrupted for private entities), since neither could ever be applied if the interpretation of La.Civ.Code art. 3463 were correct. Furthermore, this interpretation is inconsistent with the tenets of La.Code Civ.P. art. 1672(C), and La.Code Civ.P. art. 1201(A).
...
An absolute nullity is "an act in a cause which the opposite party may treat as though it had not taken place, or which has absolutely no legal force or effect." This would mean that, at the 90 day mark without service, no suit exists. It is as if it had never been filed. Thus, there would be nothing to dismiss and nothing to continue. Yet, La.Code Civ.P. art. 1672(C) requires that a suit be dismissed when service is not requested within ninety days, and the article allows for the suit's continuation, if good cause is shown why service could not have been requested; La.Code Civ.P. art. 1201(C) and La.R.S. 13:5107(D) provide that dismissal can be waived, permitting the suit to proceed. This implies that there is a suit in existence after 90 days have elapsed without service. However, under Bellard `s absolute nullity holding, all of the above provisions would be moot, since there would be no suit to waive or on which to proceed after 90 days. Obviously, if the legislature intended that a suit becomes null and void after 90 days, if there has been no citation and service (the Bellard interpretation), it would not have drafted these other provisions for waiver and continuation of the same suit, since they are inconsistent with Bellard.
Further support for our interpretation, sub judice, lies within La.Code Civ.P. art. 1201(A), which provides that "Citation and service thereof are essential in all civil actions except summary and executory proceedings and divorce actions under Civil Code Article 102. Without them all proceedings are absolutely null." When this article is read in pari materia with others, above, on the same subject matter, it is apparent that the legislature intended that "all proceedings" on the suit, not the suit, would be absolutely null without citation and service. Otherwise, again, the other articles and statutes have no force. While "proceedings" encompass "pleadings" (suits) because, generally, without pleadings, there can be no proceeding, "pleadings" and "proceedings" are not synonymous. "Pleadings" are the statement of allegations which gives notice to an opposing party of the allegations against him. "Proceedings" are courts' activities in processing the legal action. Thus, under La. Code Civ.P. art. 1201(A), it is the courts' actions that are absolutely null, not the pleadings, themselves, because, under the law, the "defect" of lack of citation and service can be waived or cured, after which courts can proceed.
Jacobs, 815 So.2d at 861-62.
[5] In Futrell, the plaintiffs filed a timely lawsuit against the defendants, but did not serve them, instead requesting that the defendants waive service. Defense counsel agreed, on the condition that the plaintiffs send him a filed copy of the lawsuit. The plaintiffs failed to do so. When plaintiffs requested again six months later that defense counsel waive service, defense counsel refused and plaintiffs then served defendants with the lawsuit. Defendants filed exceptions of prescription and lack of 90 day service, which the trial court granted, finding that "[p]laintiffs failed to request service of the Petition within ninety days of filing as is required by C.C.P. art. 1201 and therefore these proceedings were dismissed pursuant to C.C.P. art. 1672(C)." Further, the trial court found, "in these circumstances, interruption of prescription is considered never to have occurred. See La. R.S. 9:5801." The court of appeal affirmed the dismissal for non-service within 90 days but reversed the judgment granting the exception of prescription. Futrell, supra at 328-329.
[6] Black's Law Dictionary defines "good cause" as "a substantial reason amounting in law to a legal excuse for failing to perform an act required by law." Thus, lack of good cause would be a lack of legally recognized excuse for non-service.
[7] Black's Law Dictionary defines "good faith" as "an intangible and abstract quality with no technical meaning or statutory definition, and it encompasses, among other things, an honest belief, the absence of malice and the absence of design to defraud or to seek an unconscionable advantage, and an individual's personal good faith is concept of his own mind and inner spirit ..." Black's Law Dictionary defines "bad faith" as:

the opposite of "good faith," generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Term `bad faith' is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; it is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will.