JAMES F. McKAY, III, Chief Judge.
|! This case deals with the partition of a military pension between former spouses. The plaintiff, Michael Roger Davis, appeals the trial court’s awarding the defendant, Sandra Frisk Davis Gravois, one-half of his monthly military pension benefit multiplied by the number of years of the plaintiffs service in the military during his marriage to the defendant, divided by the total number of years of the plaintiffs service in the military, retroactive to the date of the plaintiffs retirement from the military. The plaintiff has also filed a peremptory exception of prescription. For the following reasons, we affirm the trial court’s judgment as amended and maintain the plaintiffs peremptory exception of prescription, as well as remand the matter to the trial court for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
On July 31, 1961, Michael Roger Davis began active duty service in the United States Marine Corps. At the time he enlisted, Mr. Davis was a resident of Michigan. On April 6, 1967, Mr. Davis married Sandra Frisk, a native of | ^Minnesota, in Waterton, South Dakota. Following their marriage, Mr. Davis adopted his wife’s two minor children. During the marriage, Mr. and Mrs. Davis lived in a number of states and he was posted overseas on several occasions.
On or about May 31, 1981, Mr. Davis relocated to Louisiana pursuant to military orders. Immediately before he relocated to Louisiana, he had been stationed overseas. Mrs. Davis also relocated to Louisiana in May of 1981. The parties had been having marital difficulties for some time and shortly after coming to Louisiana, Mrs. Davis announced that she wanted a divorce:
*544 On August 26, 1981, Mr. Davis filed a petition for divorced based on the grounds that the parties had lived separate and apart for more than one year. However, on September 25, 1981, Mr. Davis moved to dismiss his petition. Then, on October 25, 1981, he filed a new petition for divorce. On November 4, 1981, the parties were divorced.
Following the divorce, Mrs. Davis was briefly remarried and her last name changed to Gravois (hereinafter she will be referred to as Ms. Gravois). She then returned to Minnesota and worked for the school system for eighteen years before retiring.
On November 18, 1983, Mr. Davis married his current spouse, Dianne Lemoine Davis. He was promoted in rank to master gunnery sergeant on August 1, 1985 and retired from the United States Marine Corps on July 1, 1987. Mr. Davis has continuously resided in Louisiana since 1981.
|3On October 3, 2011, Ms. Gravois filed a supplemental petition for judicial partition of community property and a sworn descriptive list of community property seeking a one-half interest in Mr. Davis’s military retirement. Mr. Davis filed an answer on December 14, 2011. Mr. Davis denied that a community ever existed and maintained that Ms. Gravois had no claim to his military retirement; he also asserted that Michigan law should apply in this case. The matter proceeded to trial on August 22, 2012.
At the time of trial, Mr. Davis received approximately $2,500.00 per month from his military pension. He also received $250.00 per month as a disabled veteran in addition to $1,250.00 in Social Security benefits. His current spouse received $750.00 per month from her pension as well as $132.00 from Social Security.
At the time of trial, Ms. Gravois received $1,000.00 per month from her Minnesota School System pension and $1,065.00 in Social Security benefits. Ms. Gravois had also lived with a Daniel Korn-mann for the past twelve years; she and Mr. Kornmann shared household expenses.
On November 30, 2012, the trial court issued its judgment applying Michigan substantive law to the case. The trial court awarded Ms. Gravois a portion of Mr. Davis’s military pension to be calculated as follows: one-half of Mr. Davis’s monthly pension benefit multiplied by the number of years of Mr. Davis’s sendee in the military during his marriage to Ms. Gravois, divided by the total |4number of years of Mr. Davis’s service in the military.[1] The trial court also made its award retroactive to the date Mr. Davis began drawing his military pension. It is from this judgment that Mr. Davis now appeals. Mr. Davis has also filed a peremptory exception of prescription in this Court.
DISCUSSION
On appeal, Mr. Davis raises the following assignments of error: 1) while correctly recognizing that Michigan law applies, the lower court awarded to Ms. Gravois too much of Mr. Davis’s pension by failing to consider all factors in reaching a fair and equitable division of the property in light of all the circumstances, including the duration of the marriage, the current financial conditions of each party and Mr. Davis’s post-marital promotion; 2) the lower court erred in awarding reimbursement because Ms. Gravois failed to raise the reimbursement issue in her petition and subsequent pleadings; 3) the lower court erred in awarding reimbursement *545 because Ms. Gravois failed to prove her reimbursement claim; and 4) the lower court erred in awarding Ms. Gravois’s reimbursement claim retroactive to Mr. Davis’s retirement in 1987. Under Louisiana procedural law, a claim for reimbursement is limited to ten years, so Mr. Davis’s exception of prescription should be granted.[2]
In his first assignment of error, Mr. Davis contends that while the trial court was correct in determining that Michigan substantive law applied in this case, it | ¡¡failed to properly apply that law to the facts of the case. According to Michigan law, when dealing with the division of a marital estate including a pension, no one valuation method is required; rather, the trial court, when valuing a pension is obligated to reach a fair and equitable division of the property in light of all the circumstances. Heike v. Heike, 198 Mich.App. 289, 497 N.W.2d 220 (1993). The court may consider several factors, including: the duration of the marriage, the parties’ contributions to the marital estate, the parties’ stations in life and earning abilities, fault or past conduct, and other equitable circumstances which may exist. Vance v. Vance, 159 Mich.App. 381, 406 N.W.2d 497 (1987); Pelton v. Pelton, 167 Mich.App. 22, 421 N.W.2d 560 (1988). Overall, under Michigan law, the courts have vast discretion in the division of property in a divorce action. Gibbons v. Gibbons, 105 Mich.App. 400, 306 N.W.2d 528 (1981); Kurz v. Kurz, 178 Mich.App. 284, 443 N.W.2d 782 (1989).
The only asset in the marital estate between Mr. Davis and Ms. Gravois was Mr. Davis’s military pension. The trial court found that the most equitable and reasonable distribution of this asset would be to award Ms. Gravois one-half of that portion of the pension that Mr. Davis earned during their marriage. There is no indication in the trial court’s reasons for judgment that it specifically relied on certain factors more than others in reaching its judgment. The trial court attempted to reach a fair and equitable division of the property in light of all the circumstances. Based on the vast discretion afforded to the trial court under Michigan law, the trial court in no way abused its discretion in the division of this |fiasset. Accordingly, we find no merit in the appellant’s argument regarding this issue.
In his second assignment of error, Mr. Davis contends that the trial court erred in awarding reimbursement of sums already disbursed because Ms. Gravois failed to raise the reimbursement issue in her petition and subsequent pleadings. In her sworn descriptive list attached to her supplemental petition for judicial partition of community property, the only asset listed by Ms. Gravois is the “military retirement for Michael Roger Davis” with the notation “Value unknown.” The listing of this asset makes no distinction between past payments and future payments but refers to the retirement in- globo. As such, Ms. Gravois asserted her claim to any and all interests she might have in Mr. Davis’s pension. Accordingly, the appellant’s second assignment of error is without merit.
In his third assignment of error, Mr. Davis contends that the trial court erred in awarding reimbursement because Ms. Gravois failed to prove her reimbursement claim. This assignment of error is *546 also without merit. Ms. Gravois proved that she was married to Mr. Davis from 1967 until 1981. She also proved that Mr. Davis served in the military from 1961 until 1987. She further proved that Mr. Davis retired from the military in 1987 and has been receiving a pension since that time. This is proof enough for her claim of entitlement to reimbursement.
In his fourth assignment of error, Mr. Davis claims that the trial court erred in awarding Ms. Gravois’s reimbursement claim retroactive to 1987 because under Louisiana procedural law, a claim for reimbursement is limited to ten years and |7Ms. Gravois’s claim for reimbursement of sums older than ten years have prescribed. Prescriptive statutes, including those governing interruption and suspension of prescription, are procedural, rather than substantive, in nature. Dozier v. Ingram Barge Co., 96-1370 (La.App. 4 Cir. 1/28/98), 706 So.2d 1064. Therefore, Louisiana law applies as to this issue. Under Louisiana law, the right of reimbursement is a personal action claim of one spouse against the other subject to a liber-ative prescription of ten years. See LeBlanc v. LeBlanc, 2005-0212 (La.App. 3 Cir. 11/2/05), 915 So.2d 966, 970-971. See also La. C.C. art. 3499.
In the instant case, Mr. Davis began receiving payments from his military pension in 1987. Ms. Gravois, however, did not seek a portion of the pension until October 3, 2011, when she filed her supplemental petition for judicial partition of community property. Payments made to Mr. Davis before that date had already been disbursed and would be subject to a personal action for reimbursement between the parties. Therefore, any claim for reimbursement of funds Mr. Davis received more than ten years before October 3, 2011 have prescribed. Accordingly, Mr. Davis’s peremptory exception of prescription is maintained.
CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the trial court but amend it to reflect that any claims Ms. Gravois has for reimbursement against Mr. Davis for military pension payments made to him before October 3, 2001 have prescribed. As such, Mr. Davis’s peremptory exception of prescription |sis maintained. Further, we remand this matter to the trial court to determine the amount of reimbursement due to Ms. Gravois in accordance with this opinion.
AFFIRMED AS AMENDED, EXCEPTION OF PRESCRIPTION MAINTAINED AND REMANDED

. The calculation used by the trial court in reaching this award is quite similar to the one formulated in Sims v. Sims, 358 So.2d 919 (La.1978).

. The general rule is that substantive rights are governed by the lex loci or the place where the action arose, while the procedural rights are governed by the lex fori or the place of the forum. See Matney v. Blue Ribbon, Inc., 12 So.2d 249 (La.App. 1 Cir.1942); Patterson v. Patterson, 436 So.2d 603, (La.App. 4 Cir.1983).