DRAKE, J.
|,April Celestine, cross-plaintiff, filed a cross-claim against several defendants, including Canal Insurance Company (Canal), cross-defendant, after being named as a defendant in a lawsuit filed by Gallagher Bassett Services, Inc. and National Union Fire Insurance Company (collectively referred to as “Gallagher Bassett”). Gallagher Bassett sought to recover, as subrogee, the amount it paid to Celestine pursuant to an insurance policy following an automobile accident that occurred in Olympus, Washington. Canal filed a peremptory exception raising the objection of prescription to the cross-claim filed by Celestine, which the trial court granted and from which Celestine appeals. For the following reasons, we affirm the judgment of the trial court. Canal filed in this court an exception pleading res judicata, which for the following reasons, we dismiss as moot.
FACTS AND PROCEDURAL HISTORY
This matter arises out of an automobile accident that occurred on February 14, 2011, in Olympus, Washington. Celestine was a tractor-trailer driver and was injured by Brenda Fowler, the driver of the other tractor-trailer, involved in the collision. At the time of the accident, Fowler was operating a tractor-trailer, which was leased to OM Logistics, LLC (OM Logistics) and insured with a policy of liability insurance by Canal.
Gallagher Bassett filed this suit on December 4, 2013, against Celestine, OM Logistics, and Canal, seeking reimbursement for the amounts it paid Celestine pursuant to a Truckers Occupational Accident Insurance policy, which provided accidental, health, and disability insurance. Gallagher Bassett alleged that its claims arose through legal subrogation as a result of paying Celestine’s medical costs and medical leave benefits due to the negligence of Fowler. Gallagher Bassett alleged, alternatively, that the claims against Celestine, its own insured, |2were based on the contractual obligations of Celestine to reimburse Gallagher Bassett out of any recoveries related to the accident Celestine received from third parties for the amount Gallagher Bassett paid on behalf of Celestine.
After Gallagher Bassett filed this lawsuit, Celestine filed a lawsuit on February 13, 2014, in the Superior Court for Thur-ston County, Washington (Washington case), where the accident occurred, naming as defendants, Canal, OM Logistics, and Fowler. On July 10, 2014, in response to the present suit, Celestine filed an answer and cross-claim, naming as cross-defendants, Canal, OM Logistics, and Fowler. Canal filed a peremptory exception raising the objection of prescription to the cross-claim of Celestine.
On November 14, 2014, the Washington case was dismissed for failure to timely serve the defendants within the statutory period. The court stated that Celestine’s “claims arising from the February 14, 2011 accident [were] barred by the statute of limitations.” Her lawsuit in, Washington was dismissed with prejudice.
After a hearing on Canal’s prescription exception, the trial court sustained the exception and dismissed Celestine’s cross-claim against Canal, with prejudice. The *1164 trial court entered judgment on October 14, 2015. It is from this judgment that Celestine appeals.
ERROR
Celestine claims that the trial court erred in finding that there was no interruption of prescription in accordance with La. C.C. arts. 2324(C) and 3462, resulting in the dismissal of her cross-claim.
LAW AND DISCUSSION
Prescription
Generally, the trial court’s factual findings on a peremptory exception raising the objection of prescription, such as the date on which prescription- begins |sto run, are reviewed on appeal under the manifest error-clearly wrong standard of review. Gilmore v. Whited, 2008-1808 (La. App. 1 Cir. 3/31/09), 9 So.3d 296, 299. However, in this case, Celestine asserts that the issue of whether her cross-claim was prescribed involves the proper application and interpretation of Articles 2324(C) and 3462. The proper application and interpretation of a statute is a question of law. Gilmore, 9 So.3d at 299. Therefore, on review, this court must initially determine whether the trial court was legally correct or legally incorrect in its interpretation of Articles 2324(C) and 3462 and in its application of those statutes to this case. See Gilmore, 9 So.3d at 299.
We first note that delictual actions are subject to liberative prescription of one year commencing from the day of injury or day damage is sustained. La. C.C. art. 3492. Prescription is interrupted by' the filing of suit in a court o f competent jurisdiction and venue. La. C.C. art. 3462. The interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors. La. C.C. art. 2324(C). Similarly, the interruption of prescription is effective against all solidary obligors. La. C.C. arts. 1799 and 3503. An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue within the prescriptive period continues as long as the suit is pending. La. C.C. art. 3463. The interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made an appearance of record or thereafter; or fails to prosecute the suit at trial. La. C.C. art. 3463.
Prescription runs against all persons unless they fall within an exception provided by law. La. C.C. art. 3467. The filing of a tort suit by one party generally does not affect the running of prescription against other parties who sustained separate damages in the same accident. Louviere v. Shell Oil Co., 440 So.2d 93, 95 (La. 1983). There are exceptions to the general rule: (1) La. C.C.P. |4art. 1153 allows an amending petition to relate back to the date of filing the original pleading; (2) La. C.C.P. art. 1067 allows an additional ninety days for an incidental demand; and (3) when parties share a single cause of action. Calbert v. Batiste, 2012-852 (La.App. 3 Cir. 2/6/13), 109 So.3d 505, 507 (citing Lou-viere, 440 So.2d at 93).
A cross-claim is an incidental demand. La. C.C.P. art. 1031. An incidental demand is not barred by prescription if.it was not barred at the time the main demand was filed and is filed within ninety days of date of service of the main demand. La. C.C.P. art. 1067.
Celestine first argues that Gallagher Bassett’s filing suit in Louisiana on December 4, 2013, interrupted prescription as to all joint tortfeasors, OM Logistics, Fowler, and Canal, because that suit was filed within the three year statute of limitations for Washington state. Wash. Rev. Code 4.16.080. We find that the Gallagher Bassett suit filed in Louisiana was subject to the prescription of Louisiana, not the *1165 statute of limitations of Washington state, as argued by Celestine. The general rule is that substantive -rights are governed by the lex loci or the place where the action arose, while -the procedural rights are governed by the lex fon or the place of the forum. Davis v. Gravois, 2013-0439 (La. App, 4 Cir. 9/25/13), 125 So.3d 541, 545 n. 2 (citing Matney v. Élue Ribbon, Inc., 12 So.2d 249 (LaApp. 1 Cir. 1942);'Patterson v. Patterson, 436 So.2d 603 (LaApp. 4 Cir.1983)). Prescriptive statutes including those governing interruption and suspension of prescription are procedural, rather than substantive in nature. Davis, 125 So.3d at 546. Prescription is governed by the laws of the forum. Kleckley v. Hebert, 464 So.2d 39, 44 (LaApp. 3 Cir.1985).
When the lawsuit filed by Gallagher Bassett was' filed on December 4, 2013, Celestine’s claim against Canal was prescribed on its face. Celestine claims that Gallagher Bassett’s lawsuit interrupted prescription as to all solidary obligors. | ^Generally, the burden of proving that a cause of action has prescribed rests with the party pleading prescription;’ however, when the plaintiffs petition shows on its face that the prescriptive period has run, and the plaintiff contends there is a suspension or interruption of prescription, the burden is on the plaintiff to prove suspension or interruption. Toomer v. A-l Fence & Patio, Inc., 2008-2197 (LaApp. 1 Cir. 10/27/09), 29 So.3d 609, 612, writ denied, 2009-2564. (La. 2/5/10), 27 So.3d 302. Moreover, when the plaintiffs basis for claiming an interruption of prescription is solidary liability between two or more parties, the plaintiff bears the burden of proving that a solidary relationship exists. Toomer, 29 So.3d at 612.
Celestine argues that the filing of the Gallagher Basset suit interrupted prescription and that interruption remained effective against all joint tortfeasors. La. C.C. arts. 3462 and 2324(C). Celestine cites Trahan v. Liberty Mutual Ins. Co., 314 So.2d 350, 355-56 (La. 1975), which states, “there must be a solidary obligation to plaintiff of a defendant of the first suit and a defendant of the second suit as to the claim asserted in the first suit.” However, the suit first filed in this matter was on December 4, 2013, after prescription had run on Celestine’s claim against Canal. As stated in Noggarath v. Fisher, 557 So.2d 1036,1037 (LaApp. 4 Cir. 1990),
. Interruption of prescription against joint tortfeasor A occurs by a timely lawsuit against joint tortfeasor B only as to conduct for which tortfeasors A and B are responsible, and only if the cause of action against tortfeasor A was not prescribed when the suit against tortfeasor B was filed. Once prescription occurs it cannot be interrupted. Timely suit against one solidary obligor does not interrupt prescription that has run against another solidary obligor. (Citations omitted).
Similar to the'present case, is Matthews v. State Farm Auto. Ins. Co., 2002-1108 (LaApp. 4 Cir'. 9/11/02), 828 So.2d 620, 622, where Clarcia Matthews filed a lawsuit against State Farm and its insured. The employer of Matthews, Louisiana Gas Service Company, filed an intervention seeking reimbursement of | (¡workers’ compensation paid to Matthews and his guest passenger, Tino Lyons. Lyons then filed “Plaintiff Amendment to Intervention” seeking to recover damages for his own personal injuries. State Farm filed an exception pleading prescription to the amendmeni/intervention of Lyons. Lyons argued that the filing of a petition for damages by an injured employee interrupted prescription in favor of the employer’s claim for recovery of workers’ compensation benefits paid to the employee for injuries caused by a third party. The fourth circuit noted that Louviere, upon which Lyons relied, held that “a timely *1166 petition by an employer’s workers’ compensation, carrier ... interrupts prescription, thereby permitting the employee to file an action for his own damages after the anniversary date of the accident.” Matthews, 828 ,So.2d at 622 (quoting Louviere, 440 So.2d at 95). Unlike Louviere, Lyons’s claims had prescribed by the time the intervenor filed its claim.
We also find instructive Touro Infirmary v. Henderson, 92-2720 (La.App. 4 Cir. 12/28/95), 666 ,So.2d 686, which involved Touro Infirmary filing suit against Henderson, who then filed a third-party demand against Blue Cross Blue Shield of Louisiana (Blue Cross). Blue Cross alleged that the claim had prescribed. Henderson claimed that because she was solidarity liable with Blue Cross to Touro, Touro’s suit interrupted prescription ■ as to Blue Cross. Relying on Noggarath and Bustam-ento v. Tucker, 607 So.2d 532, 536-37 n. 5 (La. 1992), the court, held that Henderson’s claim prescribed prior to the institution of the Touro suit, and that suit could not interrupt prescription against Blue Cross. Touro Infirmary, 666 So.2d at 688-89.
After prescription extinguishes a cause of action, it cannot be interrupted. A timely suit against one solidary obligor does not interrupt prescription that has tolled against another solidary obligor. Rizer v. American Surety and Fidelity Ins. Co., 95-1200 (La. 3/8/96), 669 So.2d 387, ,390-91. We find . that because 17Celestine’s claim against Canal had prescribed when Gallagher Bassett filed its suit, prescription was not interrupted against'Canal.
Celestine cites to numerous cases holding that when a judicial demand is filed in an incompetent court or in an improper venue, prescription is interrupted as to the defendant served by service of process. We find that none of the cases cited by Celes-tine have any application to the facts before us where Gallagher Bassett filed a subrogation claim. Furthermore, the issue of whether the suit filed by Gallagher Bas-sett was in an incompetent court or improper venue has never been raised at the trial court level, and that issue is not before this court.
Canal argues, and we agree, that Celestine’s cross-claim does not qualify for the exception to prescription pursuant to Article 1067. Generally speaking, delictual actions are subject to a liberative prescription of one year pursuant to Article 3492. However, Article 1067 creates a limited exception for incidental demands. See Reg-gio v. E.T.I., 2007-1433 (La. 12/12/08), 15 So.3d 951, 956. Louisiana Code of Civil Procedure article 1067 provides:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
A cross-claim is classified as an incidental demand by Article 1031.
Canal avers that when Gallagher Bas-sett filed the main demand on December 4, 2013, the cross-claim was time barred. Canal claims that since the Louisiana prescriptive period for delictual actions is one year pursuant to La. C.C. art. 3492, Celes-■tine’s claim was prescribed as of February 13, 2012, since the accident occurred on February 14, 2011. Celestine did not file her cross-claim until July 10, 2014. We agree that the claim of Celestine against Canal was already time barred by the time the main demand (the Gallagher Bassett suit) was filed. There is no service information in the record as to when Celestine was 18served with the main demand and whether her cross-claim was filed within the ninety days. However, even if she filed the cross-claim within ninety days of service of *1167 the main demand, if it was barred at.the time the main demand was filed, it is prescribed. Therefore, Article 1067 does not relieve Celestine of the effect of prescription.
Celestine also argues that the filing of the Washington case on February 13, 2014, operated to interrupt prescription. Prescription is interrupted when the obligee commences afi action against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. An obligee’s action against an obligor timely brought in a court .of competent jurisdiction and venue in Louisiana or another state will interrupt prescription. Taylor v. Liberty Mut. Ins. Co., 579 So.2d 443, 446 (La. 1991). If prescription is interrupted, “the time that has run is not counted [and] [prescription commences to run anew from the last day of interruption.” La. C.C. art. 3466. If prescription is interrupted by the filing of suit, the interruption continues as long as the suit is pending. La. C.C. art. 3463. However, “[[Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at trial.” La. C.C. art. 3463.
Celestine relies upon the case of Taylor to claim that the filing of the Washington case interrupted prescription of her cross-claim against Canal. In Taylor, an automobile accident occurred in Arkansas between a Louisiana resident and a Texas resident. The Louisiana resident filed suit in Arkansas, settled that suit, and voluntarily- dismissed it. Before the Arkansas suit against the tortfeasor was dismissed, the Louisiana resident filed suit in Louisiana against his uninsured motorist carrier. The UM Carrier filed an exception raising the objection of prescription.
|flThe Louisiana Supreme Court held that prescription may be interrupted by Article 3462 by the timely filing of a suit in a court of competent jurisdiction and venue, regardless, of whether it is a federal, Louisiana or another state court. Taylor, 579 So.2d at 446.
Furthermore, general conflicts of laws provisions would require that the tort statute of limitations of the state of the accident be applied to determine the timeliness of a suit and the competency of a court to hear a suit filed in that forum and arising out of an accident occurring in that state. Taylor, 579 So.2d at 446.
Canal argues that even though Celestine filed the Washington case, it did not interrupt the one-year prescription because it was involuntarily dismissed with prejudice.
In order for the Washington case to have interrupted prescription as to Canal, it must have been filed in a court of competent jurisdiction and venue. Taylor, 579 So.2d at 446. It is undisputed that Celes-tine’s claim for damages in Washington could be filed within three years of the date of the accident. Wash. Rev. Code 4.16.080. However, Celestine was also required to,serve at least one party within ninety days. The applicable provision is Wash. Rev. Code 4.16.170, which provides:
For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so *1168 filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations. (Emphasis added).
. .We agree with Canal that the Washington tolling statute is different than the laws of Louisiana. In Bordelon v. Medical Center of Baton Rouge,. 2003-0202 (La., 10/21/03), 871 So.2d 1075, 1077, the defendants argued that pursuant to La. C.C.P. art. 1201, a dismissal for failure to serve within ninety days rendered a petition absolutely null such that the suit did not interrupt prescription. The Louisiana Supreme Court agreed with two court of appeal cases that held “that in the absence of bad faith, a timely filed lawsuit in a court of competent jurisdiction and venue serves to interrupt prescription, even where the defendant is not served within the [ninety] day time period.” Bordelon, 871 So.2d at 1079. The Court relied on La. R.S. 9:5801, which provides,
Notwithstanding the provisions of Civil Code Article 2324(C), interruption is considered never to have occurred as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith. Nonetheless, as to any other defendants or obligors, an interruption of prescription, as provided in Civil Code Article 3463, shall continue.
Specifically, the Court noted that there would have been no reason for the legislature to specify in La. R.S. 9:5801 that prescription is not interrupted where a defendant is dismissed from suit because of non-service within ninety days if the non-service was in bad faith, if it had intended that prescription would not be for all defendants not served within ninety days under Article 3463. Bordelon, 871 So.2d at 1082. The Court also stated, “likewise, by providing that ‘as to any other defendant ... an interruption of prescription, as provided in Civil Code Article 3463, shall continue,’ the legislature was expressing its intent that in cases not involving bad faith, interruption of prescription continues even if the defendant is not served within [ninety] days.” Bordelon, 871 So.2d at 1082. The Supreme Court also determined that a plaintiff does not “abandon” a lawsuit by virtue of their failure to request service in ninety days. Bordelon, 871 So.2d at 1083.
The Washington statute, Wash. Rev. Code 4.16.170, requires a plaintiff to serve at least one defendant within ninety days of filing suit. Celestine did not do so, and her Washington case was ■ dismissed. Therefore, unlike the facts of Taylor, Inthe filing of the Washington case was not in a court of competent jurisdiction and venue, since it was “deemed to not have been commenced for purposes of tolling the statute of limitations,” and the filing did not interrupt prescription as to Canal. See Wash. Rev. Code 4.16.170.
Since we have determined that the filing of the Washington case did not interrupt prescription at all pursuant to Article 3462, we need not discuss whether the exceptions to the interruption of prescription set forth in Article 3463 apply. For the above reasons, we find the granting, of the exception raising the objection of prescription should be affirmed.
Furthermore, as we find that Celestine’s claims against Canal are prescribed, we need not address the exception pleading res judicata filed by Canal. We dismiss the exception as moot.
CONCLUSION
For the above and foregoing reasons, the trial court’s judgment of October 14, 2015, in favor of cross-defendant, Canal Insurance Company, granting the excep *1169 tion raising the objection of prescription is affirmed. The exception pleading res judi-cata filed by Canal Insurance Company is dismissed as moot. Costs of this appeal are assessed against cross-plaintiff, April Cel-estine.
AFFIRMED; RES JUDICATA EXCEPTION DISMISSED AS MOOT.