McCLENDON, J.
Plaintiff seeks review of a trial court judgment dismissing her claims against a tortfeasor and his liability insurer on the basis of prescription. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Julie B. Hanley, the plaintiff/appellant, was involved in an automobile accident with Anthony Beneditto on August 1, 2013. On October 30, 2014, Ms. Hanley filed suit seeking damages for injuries she allegedly sustained in the accident, naming Mr. Beneditto, Allstate Insurance Company in its capacity as his liability insurer, and GEICO Indemnity Company in its capacity as Ms. Hanley's uninsured/underinsured motorist (UM) insurer, as defendants.[1] The *112 suit was filed in the 19th Judicial District Court and bore docket number 634704.
On August 4, 2017, Mr. Beneditto and Allstate Insurance Company (hereinafter sometimes collectively referred to as "Allstate") filed a peremptory exception raising the objection of prescription. Allstate alleged that since the accident occurred on August 1, 2013, but suit was not filed until October 30, 2014, the action was prescribed on its face against Mr. Beneditto and Allstate and the claims against them should be dismissed with prejudice. Ms. Hanley opposed Allstate's exception.
Following a hearing, the trial court took the matter under advisement. Thereafter, the trial court signed a judgment on November 15, 2017, granting the exception of prescription and dismissing Ms. Hanley's suit against Mr. Beneditto and Allstate with prejudice, leaving only the claim against GEICO.
Asserting that her suit filed against her UM carrier approximately fifteen months post-accident interrupted the prescriptive period against Mr. Beneditto because he and the UM carrier were solidary obligors, Ms. Hanley has appealed.
DISCUSSION
As a general rule, prescription statutes "are strictly construed against prescription and in favor of the obligation sought to be extinguished." Taranto v. Louisiana Citizens Property Ins. Corp., 10-0105 (La. 3/15/11), 62 So.3d 721, 726. Ordinarily, the party urging prescription bears the burden of proof at trial of the exception; however, if the petition is prescribed on its face, the burden shifts to the plaintiff to show the action is not prescribed. Taranto, 62 So.3d at 726. When no evidence is introduced at the exception hearing and no material issues of fact are in dispute, the de novo standard of review is applicable. See Cawley v. Nat'l Fire & Marine Ins. Co., 10-2095 (La.App. 1 Cir. 5/6/11), 65 So.3d 235, 237.
The Louisiana Civil Code provides a one-year liberative prescription period for delictual actions, commencing to run from the date of injury or damage sustained. LSA-C.C. art. 3492. As such, because the accident giving rise to the instant suit occurred on August 1, 2013, Ms. Hanley's October 30, 2014 petition against Mr. Beneditto and Allstate was prescribed on its face. Accordingly, Ms. Hanley bears the burden of proof to show that the action is not prescribed.
On appeal, Ms. Hanley contends that her timely filed suit against her UM Carrier, GEICO,[2] interrupted prescription as to all solidary obligors, including Mr. Beneditto and Allstate. See LSA-C.C. arts. 1799 and 3503.[3] In support, Ms. Hanley *113 cites Kelley v. General Insurance Company of America, 14-0180 (La.App. 1 Cir. 12/23/14), 168 So.3d 528, 539, writs denied, 15-0157, 15-0165 (La. 4/10/15), 163 So.3d 814, 816, wherein this court held that a plaintiff's UM insurer was solidarily liable with a defendant tortfeasor such that the timely filed suit filed against the UM insurer interrupted prescription against all solidary obligors, including the defendant tortfeasor and her liability insurer. See also Hoefly v. Government Employees Ins. Co., 418 So.2d 575, 579 (La. 1982), wherein the Louisiana Supreme Court held that an automobile accident victim's uninsured motorist carrier was solidarily obligated with the tortfeasor such that the victim's timely suit against the tortfeasor interrupted prescription against the insurer.
Kelley is clearly distinguishable. The lawsuit in Kelley was filed within the one-year period for delictual actions, even though the plaintiff had another year to sue his UM carrier under the law. Therefore, when the amended pleading was filed three years after the accident, adding the tortfeasor as a defendant, the prescriptive period applicable to the solidary obligors had already been interrupted. In other words, when the plaintiff timely filed his suit within one year of the accident, the prescriptive period was paused, or interrupted, as to any solidary obligors.
In this case, however, there was no interruption of the prescriptive period applicable to the tortfeasor as the one-year prescriptive period had already run at the time the underlying suit was filed. There could be no interruption where the prescriptive period lapsed prior to the filing of the lawsuit. A timely filed suit against one solidary obligor does not interrupt prescription that has tolled against another solidary obligor. Gallagher Bassett Services v. Canal Insurance Company, 16-0088 (La.App. 1 Cir. 9/16/16), 202 So.3d 1160, 1166 (citing Rizer v. American Surety and Fidelity Ins. Co., 95-1200 (La. 3/8/96), 669 So.2d 387, 390-91 ). The Louisiana Supreme Court has recognized that once prescription extinguishes a cause of action, a subsequent timely suit against a solidary obligor cannot revive the already prescribed action. Rizer, 669 So.2d at 390-91 (citing Bustamento v. Tucker, 607 So.2d 532, 536-37 (La. 1992) ).
Accordingly, while the suit was filed against GEICO within the applicable two-year prescriptive period, the mere fact that Mr. Beneditto and GEICO are solidary obligors cannot revive the prescribed action against Mr. Beneditto and Allstate. To hold otherwise would allow an injured person an additional year to file suit against tortfeasors if a plaintiff's action against his UM carrier is filed within the two-year period provided in LSA-R.S. 9:5629. This would render the one-year prescriptive period found in LSA-C.C. art. 3492 meaningless under these circumstances.
CONCLUSION
For the foregoing reasons, we affirm the trial court's November 15, 2017 judgment granting the exception of prescription and dismissing Ms. Hanley's suit against Mr. Beneditto and Allstate with prejudice. Costs of this appeal are assessed to appellant, Julie B. Hanley.
AFFIRMED.

We recognize that prior to filing the suit at issue, Ms. Hanley had previously filed suit against Mr. Beneditto, Allstate, and GEICO, on July 25, 2014. The suit was filed in the 19th Judicial District Court and bore docket number 632270. The parties acknowledge that Ms. Hanley failed to request service of that suit and that more than three years has passed since that filing of that suit. Our record does not reveal what else, if anything, has occurred in that suit. Allstate avers that no action has been taken in that matter since it was filed and that the referenced suit was abandoned. See LSA-C.C.P. art. 561. Allstate notes that interruption of prescription is considered never to have occurred if a plaintiff abandons her action. See LSA-C.C. art. 3463. However, while the effect of that suit on the issue of prescription was raised by Ms. Hanley during the course of the trial court proceedings, she has not raised that argument on appeal. Additionally, the suit record of that docket number was not introduced into evidence nor can we can take judicial notice of same. See LSA-C.E. art. 202 and Pinegar v. Harris, 06-2489 (La.App. 1 Cir. 5/4/07), 961 So.2d 1246, 1249.

Louisiana Revised Statutes 9:5629 provides a two-year prescriptive period to bring an action against a UM insurer as follows:
Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.

Louisiana Civil Code article 1799 provides:
The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs.
Louisiana Civil Code article 3503 provides:
When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors.
When prescription is interrupted against a successor of a solidary obligor, the interruption is effective against other successors if the obligation is indivisible. If the obligation is divisible, the interruption is effective against other successors only for the portions for which they are bound.