STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-21

BRIAN MCCANN, ET AL.

VERSUS

CHRISTUS ST. FRANCES CABRINI HOSPITAL, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 247,132
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.

**REVERSED AND REMANDED.**

Matthew John Ungarino
Ungarino & Eckert, LLC
3850 N. Causeway Boulevard - #1280
Metairie, LA 70002
Telephone: (504) 836-7565
COUNSEL FOR:
    Defendant/Appellee - St. Frances Cabrini Hospital

Thomas Taylor Townsend
T. Taylor Townsend, LLC
P. O. Box 784
Natchitoches, LA 71458-0784
Telephone: (318) 238-3612
COUNSEL FOR:
    Plaintiffs/Appellants - Brian McCann and Rhonda McCann

**David R. Sobel**
**Faircloth, Melton & Sobel**
**105 Yorktown Drive**
**Alexandria, LA 71303**
**Telephone:  (318) 619-7755**
**COUNSEL FOR:**
  **Defendant/Appellant - Juliet Castro Vondrak, Duly Appointed**
  **Succession Representative for the Succession of Dr. Perla Castor**

**THIBODEAUX, Chief Judge.**

Brian and Rhonda McCann appeal a judgment granting an exception of prescription and dismissing their medical malpractice claims against Juliet Castro Vondrak in her capacity as the succession representative for the estate of Dr. Perla Castor.

The McCanns' infant son, Mason, was in the care of Dr. Castor when he died in January 2010. The McCanns contend that their son's death was the result of medical malpractice on the part of Dr. Castor, among others, and filed a request for a medical review panel ("MRP") to examine their claims. While proceedings before the MRP were pending, Dr. Castor died. Her succession was opened and initially represented by Maria Monica Villagarcia Hora. After the MRP rendered its opinion, the McCanns timely filed their first petition, which named "**PERLA C. CASTOR, MD**" and "the **ESTATE OF PERLA C. CASTOR**, represented by Maria Monica Villagarcia Hova [sic]" as a defendant. More than four years after Mason's death, and more than a year after the McCanns were notified of the MRP's decision, the McCanns amended their petition to name "**Maria Monica Villagarcia Hova** [sic], the duly appointed succession representative of the **ESTATE OF PERLA C. CASTOR**" as a defendant.

Ms. Hora filed a peremptory exception of prescription in response to the amended petition, arguing that the amended petition was the first to properly name Ms. Hora as a defendant, but was facially prescribed. The trial court agreed and granted the exception, dismissing the McCanns' suit.

On appeal, the McCanns argue that Ms. Hora, as the estate's succession representative, was named as a defendant in the original, timely-filed

petition, and that petition interrupted prescription on the claims against Ms. Hora. Ms. Vondrak, who has replaced Ms. Hora as the succession representative for Dr. Castor's estate, claims that the McCanns have judicially confessed that Ms. Hora was not named in the original petition. Ms. Vondrak also asserts that, in any case, the trial court's grant of the exception of prescription was not clearly wrong. For the following reasons, we reverse the judgment of the trial court.

## I.

## ISSUES

1. Whether the McCanns judicially confessed that Ms. Hora, the succession representative for the estate of Dr. Castor, was not named in their original petition.

2. Whether the McCanns' original petition, which named "the **ESTATE OF PERLA C. CASTOR**, represented by Maria Monica Villagarcia Hova [sic], as per judgment signed July 11, 2012 under Docket No. 241,075, 9th JDC, Rapides Parish, Louisiana" as a defendant, interrupted prescription of claims against the representative of Dr. Castor's estate.

## II.

## FACTS AND PROCEDURAL HISTORY

Rhonda McCann gave birth to twins Elle and Mason at Christus St. Frances Cabrini Hospital on January 24, 2010. The twins, who were born prematurely, were treated by several physicians in the following days, including Dr. Perla Castor. On January 28, 2010, Mason died. The McCanns claimed that Mason's death was caused by malpractice committed by the physicians who treated Mason and by Christus St. Frances Cabrini Hospital. On January 28, 2011, they filed a timely request for a medical review panel to review their claims,

2

pursuant to La.R.S. 40:1231.8.[1]  The McCanns' request named Dr. Castor and Christus St. Frances Cabrini Hospital as defendants, among others.

On August 10, 2011, while proceedings before the MRP were pending, Dr. Castor died.  When Dr. Castor's succession was opened, Ms. Hora, a resident of Florida, was named the estate's succession representative.   The McCanns were served with pleadings on May 12, 2012, filed by Christus St. Frances Cabrini Hospital that substituted Ms. Hora for Dr. Castor in proceedings filed for discovery purposes.

The MRP rendered its opinion on January 9, 2013; that opinion was mailed to the McCanns on January 28, 2013.  The McCanns filed a Petition for Medical Malpractice on April 2, 2013 ("original petition").  The original petition named several defendants, including, in Paragraph 1(b):

> **PERLA C. CASTOR, MD**, a citizen of the full age of majority, who may be served at St. Francis [sic] Cabrini Hospital, 3330 Masonic Dr., Alexandria, Louisiana 71301, who passed away August 10, 2011 and the **ESTATE OF PERLA C. CASTOR**, represented by Maria Monica Villagarcia Hova [sic], as per judgment signed July 11, 2012 under Docket No. 241,075, 9th JDC, Rapides Parish, Louisiana;

Service was attempted on Dr. Castor, but was unsuccessful.  Ms. Hora was not initially served with the petition.  Regardless, Ms. Hora was apparently aware of the lawsuit because she filed declinatory exceptions of lack of personal jurisdiction and insufficiency of service of process, and a dilatory exception of lack of procedural capacity, on February 13, 2014.  While those exceptions were pending, the McCanns filed their Second Amending and Supplemental Petition on March 14, 2014 ("amended petition").  With their amended petition, the McCanns sought

---

[1] The relevant statute was La.R.S. 40:1299.47 when the McCanns filed their petition.

3

to change Paragraph 1(b) of their original petition to read: "**Maria Monica Villagarcia Hova** [sic], the duly appointed succession representative of the **ESTATE OF PERLA C. CASTOR**, who is a citizen of the full age of majority." Ms. Hora was served with the McCanns' original and amended petitions on March 28, 2014.

After being served with the McCanns' petitions, Ms. Hora filed a peremptory exception of prescription. She pointed out that the McCanns' amended petition was not filed for more than four years after the alleged malpractice occurred when Mason died, and more than a year after the McCanns were mailed the MRP's opinion. This, according to Ms. Hora, showed that the McCanns' amended petition was facially prescribed and ought to be dismissed. The trial court agreed, finding that the McCanns' amended petition was prescribed on its face and that the McCanns had failed to show that prescription had not run on their claims. The trial court did not address the effect of the McCanns' original petition in its written reasons for judgment.

The trial court issued the judgment granting Ms. Hora's peremptory exception of prescription on September 5, 2014. The McCanns filed a timely Motion for Appeal, which was granted on October 17, 2014. However, Ms. Hora had been replaced as the succession representative for Dr. Castor's estate by Ms. Vondrak on July 25, 2014. This court consequently remanded the McCanns' appeal in order to allow Ms. Vondrak to be substituted as the proper party defendant and to recast the trial court's judgment to reflect the substitution. The substitution and recasting was accomplished, and the McCanns filed another timely appeal of the trial court's judgment.

4

## LAW AND DISCUSSION

We note at the outset that there is no dispute that Ms. Hora, in her capacity as the succession representative for Dr. Castor's estate, was the proper party for the McCanns to name as a defendant. *See* La.Code Civ.P. art. 734.[2] The question before the court is whether the McCanns named Ms. Hora as a defendant in a timely manner. The McCanns argue on appeal that the trial court erred in granting Ms. Vondrak's exception of prescription because the court considered only the McCann's amended petition. The McCanns assert that Ms. Hora was named as a defendant in their original petition, which was timely filed. However, before we consider whether the McCanns' claims are in fact prescribed, we must address whether, as Ms. Vondrak asserts, the McCanns are precluded from arguing that Ms. Hora was a named defendant in their original petition, having judicially confessed that she was not.

### *Judicial Confession*

Ms. Vondrak contends that the McCanns cannot now argue that Ms. Hora was a named defendant in their original petition when they have previously judicially confessed that she was not a named defendant in order to combat Ms. Vondrak's other exceptions. "A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it." La.Civ.Code art. 1853. "In order for a party's statement to constitute a judicial confession, it must be an express acknowledgement of an

---

[2]Indeed, the McCanns' original petition in Paragraph 1(b) specifically referenced the judgment and the district court proceeding which appointed Ms. Hora as the succession representative. Paragraph 1(b) named the defendants who allegedly committed the malpractice.

adverse fact." *Leday v. Safeway Ins. Co. of La.*, 04-610, p. 5 (La.App. 3 Cir. 11/17/04), 888 So.2d 1084, 1088 (citations omitted). This court has previously explained the effects of a judicial confession:

> Once a judicial confession is made by a party, it "has the effect of waiving evidence as to the subject of the admission-of withdrawing the subject matter of the confession from issue." *Cichirillo v. Avondale Indus., Inc.*, 04–2894, p. 6 (La.11/29/05), 917 So.2d 424, 429 (citing *Cheatham v. City of New Orleans*, 378 So.2d 369 (La.1979); *Sutton's Steel & Supply, Inc. v. Bellsouth Mobility, Inc.*, 00–511 (La.App. 3 Cir. 12/13/00), 776 So.2d 589, *writ denied*, 01–152 (La.3/16/01), 787 So.2d 316). A judicial confession by a party, however, does not preclude that party from denying the correctness of the admission, unless the party claiming the benefit from the admission has relied on the admission to his prejudice. *Crawford v. Deshotels*, 359 So.2d 118 (La.1978).

*Mitchell v. Artcrete, Inc.*, 09-492, p. 7 (La.App. 3 Cir. 12/9/09), 24 So.3d 1000, 1005.

Ms. Vondrak points to four excerpts from the McCanns' Opposition to Exceptions that purportedly constitute judicial confessions to structural defects in the McCanns' original petition. In the Introduction, the McCanns stated:

> On or about April 2, 2013, the McCanns filed a "Petition for Medical Malpractice" against Dr. Castor, Dr. Nijjar, and St. Francis [sic] Cabrini Hospital. In the Petition, Dr. Perla C. Castor was inadvertently named as a defendant instead of Maria Monica Villagarcia Hora as the succession representative of the Estate of Dr. Perla Castor. The McCanns have now filed a Second Amending and Supplemental Petition to cure this defect.

In addressing Ms. Hora's Exception of Lack of Subject Matter Jurisdiction, the McCanns stated:

> Petitioners have now filed a Second Amending and Supplemental Petition to name Ms. Hora, as the duly appointed succession representative of the Estate of Perla C. Castor and have requested service of process on Ms. Hora as the succession representative. Petitioners submit

that their amendment to name Ms. Hora as a proper party defendant and their request of service on her will cure the exception of lack of personal jurisdiction. When service is made on Ms. Hora, as the representative of the Estate of Perla C. Castor, as has now been requested by Petitioners, then the court will have valid personal jurisdiction over her.

In discussing Ms. Hora's Exception of Insufficiency of Service of Process, the McCanns stated:

> In the Second Amending and Supplemental Petition, Petitioners have properly named Ms. Hora, as the succession representative appointed for the Estate of Dr. Perla C. Castor, as a defendant and have requested service of original Petition for Medical Malpractice, the First Amending and Supplemental Petition, and the Second Amending and Supplemental Petition on her. Again, the request that service be made on Dr. Castor and Dr. Castor's estate was done inadvertently and has been cured through the Second Amending and Supplemental Petition.

Finally, in the Conclusion, the McCanns stated:

> Petitioners inadvertently named Perla C. Castor and the Estate of Perla C. Castor as defendants in their original Petition for Medical Malpractice. Petitioners recognize that neither Perla C. Castor or the Estate of Perla C. Castor have legal capacity inasmuch as Dr. Castor passed away during the pendency of this matter at the medical review panel stage. Petitioners have now filed a Second Amending and Supplemental Petition to cure the defects named by defendant's peremptory exceptions. Therefore, Petitioners request that defendant's exceptions be denied.

We find that the McCanns' statements are not express acknowledgements of structural deficiencies in their original petition that would constitute judicial confessions. The McCanns' Opposition to Exceptions admits only stylistic errors in their original petition that resulted in Ms. Hora not being served with the McCanns' original petition prior to the filing of their amended petition. Their statements do not expressly admit that Ms. Hora was not named at

7

all in the original petition, especially considering that Ms. Hora was in fact mentioned in the original petition. Since the McCanns did not expressly acknowledge any adverse facts in their Opposition to Exceptions, their statements do not constitute a judicial confession.

We further note that even if the McCanns had admitted a structural deficiency in their original petition such that Ms. Hora was not named at all, their statements would not qualify as judicial admissions since Ms. Vondrak has failed to show that she relied on the McCanns' statements to her detriment. Before a statement can become a judicial confession, "the adverse party must have believed the fact was no longer at issue or must have relied on it, to his detriment." *State v. Lamb*, 31,919, p. 4 (La.App. 2 Cir. 5/7/99), 732 So.2d 1270, 1272 (citations omitted). Ms. Vondrak claims that, based on the McCanns' Opposition to Exceptions, her predecessor Ms. Hora accepted service of the McCanns' original and amended petitions, waiving future exceptions based on lack of personal jurisdiction. There is no evidence, however, that Ms. Vondrak specifically relied on the McCanns' statements in accepting service of the petitions. Moreover, regardless of the potential for *future* exceptions, exceptions regarding a lack of personal jurisdiction and service first filed by Ms. Hora are apparently still pending before the trial court. Since Ms. Vondrak has failed to show detrimental reliance on her part, the McCanns' statements do not constitute judicial confessions.

### *Exception of Prescription*

Since the McCanns are not precluded from arguing that Ms. Hora was properly named in their original petition, we must now decide whether Ms. Hora was in fact named, and whether that petition interrupted prescription of the claims

against Ms. Hora as the succession representative. The trial court focused on the McCanns' amended petition and ruled that, because the amended petition could not relate back to the original one, the claims against Ms. Hora were prescribed. A trial court's grant of an exception of prescription is reviewed under the clearly wrong-manifest error standard of review. *Patin v. State*, 11-290 (La.App. 3 Cir. 10/5/11) 74 So.3d 1234, *writ denied*, 11-2844 (La. 3/2/12) 84 So.3d 533.

In this case, involving claims of medical malpractice under the Louisiana Medical Malpractice Act ("MMA"), the prescriptive period is governed by La.R.S. 9:5628, which provides, in pertinent part:

> A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1231.1(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

However, all malpractice claims covered by the MMA must first be submitted to a medical review panel. La.R.S. 40:1231.8(A)(1)(a). Prescription is, therefore, suspended on claims from the time a request for review of a claim is submitted until ninety days after the claimant or his attorney is notified that the panel has issued an opinion. La.R.S. 40:1231.8(A)(2)(a).

"When a petition reveals on its face that prescription has run, the plaintiff bears the burden of establishing that the claim has not prescribed." *LeBreton v. Rabito*, 97-2221, p. 6 (La. 7/8/98), 714 So.2d 1226, 1228. The trial

court here granted the exception of prescription after finding that the McCanns' *amended* petition was facially prescribed, and that the McCanns' failed to show otherwise. The McCanns assert on appeal that their claims against Dr. Castor's succession representative are not prescribed since their *original* petition was filed less than ninety days after they were notified that the medical review panel had rendered an opinion. Ms. Vondrak does not dispute that the original petition was timely filed, but claims that prescription was not interrupted until Ms. Hora, as the succession representative, was properly named in the McCanns' amended petition. Since that petition was not filed until more than a year after the medical review panel had issued its opinion, Ms. Vondrak's argument goes, the McCanns' claims are prescribed.

"The fundamental purpose of prescription statutes is to afford a defendant economic and psychological security if no claim is made timely and to protect the defendant from stale claims and from the loss or non-preservation of relevant proof." *Cichirillo v. Avondale Indus., Inc.*, 04–2894, 04-2918, p. 9 (La. 11/29/05), 917 So.2d 424, 430. In particular, the prescriptive period imposed by the MMA prevents healthcare providers from being subjected to indefinite periods of prescription. *Warren v. La. Med. Mut. Ins. Co.*, 07-492 (La. 12/2/08), 21 So.3d 186. However, there are certain limits on the running of a prescriptive period. The McCanns urge that the filing of their original petition interrupted prescription of the claims against the succession representative for Dr. Castor's estate. "[T]he elemental basis of legal interruption of liberative prescription in tort suits is informing the defendant of the legal demand." *Nini v. Sanford Brothers, Inc.*, 276 So.2d 262, 266 (La.1973). "In other words, the basic test is sufficiency of notice to the defendant." *Jones v. Philco-Ford Corp.*, 452 So.2d 370, 372 (La.App. 1 Cir.

1984), *writs denied*, 457 So.2d 1193, 1198 (La.1984). The filing of a lawsuit in a court of competent jurisdiction and venue generally provides the requisite notice and, therefore, interrupts prescription. *See Bordelon v. Med. Ctr. Of Baton Rouge*, 03-202, p. 11 (La. 10/21/03), 871 So.2d 1075.

Here, the McCanns' original petition was filed in a court of competent jurisdiction and venue. Moreover, Ms. Hora did apparently receive notice of the suit at some point, since she filed the exceptions of lack of personal jurisdiction, insufficiency of service of process, and lack of procedural capacity. And Ms. Hora was in fact served with the original petition. The timing of service on Ms. Hora is irrelevant to the issue of whether the McCanns' claims are prescribed. *See id*. The fact that Ms. Hora had notice of a lawsuit, filed in a court of competent jurisdiction and venue, that named her as the succession representative for Dr. Castor's estate is enough to interrupt prescription on the McCanns' claims.

Furthermore, the cases cited by Ms. Vondrak in support of prescription are distinguishable. In *LeBreton*, 714 So.2d 1226, the plaintiff's initial suit had been dismissed as premature; when the plaintiff later filed an entirely new lawsuit alleging the same medical malpractice claims, the supreme court held that the first suit had not interrupted prescription on the plaintiff's claims. *Warren*, 21 So.3d 186, and *Borel v. Young*, 07-419 (La. 7/1/08), 989 So.2d 42 (on rehearing), dealt with the addition of parties after prescription had run and, therefore, the addition of those parties' claims. By contrast, in this case, the McCanns' original petition was never dismissed, and the amended petition does not add any new parties. Moreover, unlike in *Warren* and *Borel*, the claims asserted in the amended petition are precisely the same as those in the original petition. By virtue of her position, Ms. Vondrak must answer for any tortious obligations incurred by the late

11

Dr. Castor. *See* La.Code Civ.P. arts. 734, 3249. There is no difference between the claims filed against Ms. Vondrak and those that would have been filed against Dr. Castor. At least one circuit has recently held that, in a medical malpractice case, when the claims against a new defendant are the same as those against an original defendant due to a legal relationship between the two parties, prescription is interrupted on those claims on the date the plaintiff's original petition is timely filed. *See Gettys v. Wong*, 13-1138 (La.App. 4 Cir. 5/7/14), 145 So.3d 460, *writ denied*, 14-1178 (La. 9/19/14), 149 So.3d 247 (holding that the timely filing of a lawsuit against a physician interrupted prescription of the same claims against the physician's employer). But we need not decide whether filing those claims against Dr. Castor alone was sufficient to interrupt prescription. Considering that, unlike in *Gettys*, the succession representative here was named in the original petition and had notice of that petition, prescription on the claims against Ms. Vondrak was certainly interrupted when the McCanns filed their original petition. Therefore, the trial court's judgment granting the exception of prescription was manifestly erroneous.

## IV.

## CONCLUSION

For the above reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings. Costs of this appeal are assessed against the appellee, Juliet Castro Vondrak, the duly-appointed succession representative for the estate of Dr. Perla C. Castor.

**REVERSED AND REMANDED.**

12