# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2023 CA 0084

## GEORGE CRAFT O/B/O HENRIETTA CRAFT, WILLIE CRAFT AND LARRY CRAFT

## VERSUS

## CHERYL OGUNBOR

*DATE OF JUDGMENT:*     **NOV 0 9 2023**

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT,
PARISH OF WASHINGTON, STATE OF LOUISIANA
NUMBER 112575, DIVISION C

HONORABLE RICHARD A. SWARTZ, JUDGE

\* \* \* \* \* \*

| | |
|---|---|
| Barry W. Bolton<br>Bogalusa, Louisiana | Counsel for Plaintiff-Appellee<br>George Craft |
| Cheryl Ogunbor<br>Tylertown, Mississippi | Defendant-Appellant<br>In Proper Person |

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**Disposition: RULE TO SHOW CAUSE RECALLED AND APPEAL MAINTAINED; JUDGMENT AFFIRMED.**

**CHUTZ, J.**

Defendant-appellant, Cheryl Ogunbor, appeals a trial court judgment upholding the validity of powers of attorney granted in favor of George Craft and revoking an earlier power of attorney granted in favor of Cheryl. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Cheryl, a resident of Tylertown, Mississippi, and George, a resident of Trophy Club, Texas, are two of the nine children of Henrietta Craft. Mrs. Craft, who was born in April 1926, lived at her home in Bogalusa, Louisiana until January 2022, when she was moved into a nursing home by George, to whom she had granted a general power of attorney in July 2015. Mrs. Craft's speech and ability to communicate were affected by a stroke she suffered in October 2016. The parties disagreed on whether the stroke also affected Mrs. Craft's mental health and cognitive abilities.

On August 16, 2018, Mrs. Craft granted a power of attorney in favor of Cheryl. In addition to revoking George's 2015 power of attorney, the August 2018 power of attorney included a provision stating it could "**ONLY** be amended or revoked by Court order" in the best interest of Mrs. Craft. George filed a petition on September 10, 2018, to annul Cheryl's power of attorney and for injunctive relief.[1] In the petition, George alleged Mrs. Craft lacked capacity to consent to Cheryl's power of attorney due to the stroke she had suffered and a decline in her mental health resulting from Alzheimer's disease. Subsequently, on November 5, 2018, Mrs. Craft granted George a financial power of attorney and a health care power of attorney (collectively, the November 2018 powers of attorney).

In a reconventional demand filed in March 2019, Cheryl sought a judgment revoking George's July 2015 power of attorney and upholding the validity of her

---

[1] Although Cheryl contends the trial court issued a temporary restraining order (TRO) prohibiting her from exercising the August 2018 power of attorney granted by Mrs. Craft, the appellate record contains no evidence of such a TRO.

2

August 2018 power of attorney. Additionally, on June 22, 2022, Cheryl filed an *ex parte* motion to move Mrs. Craft from the nursing home where she resided to Cheryl's residence in Tylertown, Mississippi. The motion also sought the dismissal of George's petition to annul Cheryl's August 2018 power of attorney and for injunctive relief, as well as the revocation of all powers of attorney granted to George.

Following a trial on September 8-9, 2022, the trial court took the matter under advisement. The trial court rendered judgment on October 27, 2022, finding George's November 2018 powers of attorney were valid and revoking Cheryl's August 2018 power of attorney. The trial court found there was insufficient evidence to overcome the presumption that Mrs. Craft possessed capacity to grant powers of attorney on both August 16 and November 5, 2018. Thus, the trial court concluded the November 2018 powers of attorney granted to George revoked the August 2018 power of attorney granted to Cheryl. The judgment was silent on Cheryl's motion to move Mrs. Craft from the nursing home to Cheryl's residence and, therefore, the motion must be considered rejected.[2]

Cheryl has now appealed.[3] She argues in eleven *pro se* assignments of error that the trial court erred by: failing to find George judicially confessed Mrs. Craft's mental incapacity in November 2018: failing to find George was judicially estopped from claiming Mrs. Craft had mental capacity to consent in November 2018; failing

---

[2] When a judgment is silent regarding relief requested in the pleadings, the request is deemed to be denied. ***Rand v. City of New Orleans***, 17-0596 (La. 12/6/17), 235 So.3d 1077, 1082.

[3] On February 6, 2023, this court *ex proprio motu* ordered the parties to show cause by briefs whether this appeal should be dismissed on the basis that the trial court's October 27, 2022 judgment was a partial final judgment lacking the designation of finality required by La. C.C.P. art. 1915(B). The show cause order also remanded this matter to the trial court for the limited purpose of inviting the trial court either to advise this court an Article 1915(B) designation was not warranted or needed or to sign a judgment including an Article 1915(B) designation and providing a *per curiam* explaining the reasons for its determination that a designation was warranted. Subsequently, the appellate record was supplemented with an amended judgment signed by the trial court on February 27, 2023. In the amended judgment, the trial court stated all issues had been adjudicated, the judgment was final, and there was no need for an Article 1915(B) designation. Upon further review, the rule to show cause issued by this court is recalled, and this appeal is maintained.

3

to find it was in Mrs. Craft's best interest to be moved from the nursing home to Cheryl's residence; upholding the validity of George's November 2018 powers of attorney and revoking Cheryl's August 2018 power of attorney; excluding an exhibit Cheryl attempted to introduce; and issuing a TRO *without requiring George to post a bond.*

## DISCUSSION

The trial court concluded the November 2018 powers of attorney granted to George were valid and revoked the earlier August 2018 power of attorney granted to Cheryl based on its finding that the evidence was insufficient to overcome the statutory presumption that Mrs. Craft possessed capacity to grant each of those powers of attorney. Louisiana Civil Code article 1918 provides "[a]ll persons have capacity to contract, except unemancipated minors, interdicts, and persons deprived of reason at the time of contracting." Thus, capacity to contract is presumed, and exceptions to the presumption of capacity must be convincingly established. *Hoskins v. State Through Division of Administration, Office of Community Development*, 18-1089 (La. App. 1st Cir. 2/25/19), 273 So.3d 323, 329.

In this case, George testified he was told by his mother's physician that she suffered from Alzheimer's disease and dementia and should not make any life-changing decisions. He attached to his petition an unverified letter purportedly from the physician stating the same. No medical evidence was presented at trial, however, to substantiate this testimony. George further testified Mrs. Craft's mental health deteriorated to such an extent after her stroke that she was incapable of making, comprehending, or communicating life-changing decisions or legal issues. He acknowledged, however, that she could have rare lucid intervals and testified she was experiencing such an episode when she executed the November 2018 powers of attorney. Conversely, Cheryl testified Mrs. Craft's mental capacity did not change after her stroke, despite the communication problems she experienced as a result of

4

the stroke. The trial court also heard testimony from other witnesses, none of whom were qualified as experts, who testified Mrs. Craft had dementia, as well as testimony from other witnesses who had encounters with Mrs. Craft and found her to be lucid and oriented to time and place.

Considering the conflicting testimony and the absence of any medical evidence indicating Mrs. Craft lacked mental capacity, we find no manifest error in the trial court's determination that the evidence was insufficient to overcome the presumption that Mrs. Craft possessed capacity to execute the powers of attorney at issue. Accordingly, we also find no error in the trial court's conclusion that Cheryl's August 2018 power of attorney was revoked by the subsequent November 2018 powers of attorney granted to George by Mrs. Craft.

Cheryl argues that in finding Mrs. Craft possessed the mental capacity to grant valid powers of attorney to George in November 2018, the trial court ignored the allegations George made in his September 10, 2018 petition asserting Mrs. Craft's mental health had declined due to Alzheimer's disease and that she was incapable of consenting or making rational decisions at that time. Cheryl contends these allegations constituted a judicial confession by George that Mrs. Craft lacked mental capacity to grant a power of attorney at any time after September 10, 2018, including on November 5, 2018, when she granted powers of attorney to George. She further contends these allegations judicially estopped George from claiming Mrs. Craft possessed mental capacity to grant the November 2018 powers of attorney.

We find no merit in these arguments. A judicial confession, which constitutes full proof against the party who made it, is a declaration make in a judicial proceeding acknowledging an adverse fact. La. C.C. art. 1853; *Cola v. Cola*, 19-0530 (La. App. 1st Cir. 12/27/19), 294 So.3d 6, 11, writ denied, 20-00344 (La. 6/3/20), 296 So.3d 1068. In a strained interpretation of George's petition, Cheryl

5

seeks to have this court interpret the allegations therein as a judicial confession that Mrs. Craft lacked capacity at all times after George's petition was filed on September 10, 2018, but not before that date. In fact, the clear import of George's petition is that Mrs. Craft lacked capacity when she executed the August 2018 power of attorney to Cheryl.

Moreover, for a declaration to be considered a judicial confession, the adverse party must have believed the relevant fact was no longer at issue or must have detrimentally relied on the declaration. *McCann v. Christus St. Frances Cabrini Hospital*, 16-21 (La. App. 3d Cir. 5/11/16), 192 So.3d 868, 873-74, writ denied, 16-1111 (La. 11/2/16), 213 So.3d 390. The trial court concluded there was no evidence Cheryl relied on George's allegations to her detriment. Further, there is no question the issue of Mrs. Craft's mental capacity remained in dispute between the parties. Thus, we find no error in the trial court's determination that George's allegations did not constitute a judicial confession.[4]

Additionally, we reject Cheryl's assertion that, due to the allegations in George's petition that Mrs. Craft was incapable of giving consent, George was judicially estopped from arguing Mrs. Craft possessed capacity to grant the November 2018 powers of attorney. Judicial estoppel prohibits parties from deliberately changing positions according to the exigencies of the moment. The requirements for judicial estoppel are: (1) the party against whom judicial estoppel is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently. *Guilbeau Marine, Inc. v. Ledet*, 23-0065 (La. App. 1st Cir. 9/15/23), _____ So.3d _____, 2023 WL 5991576, at *4.

---

[4] We note in the reconventional demand Cheryl filed in March 2019, she alleged Mrs. Craft was "a competent major" who has never been diagnosed with Alzheimer's disease or any other ailment affecting her ability to make reasoned decisions or to direct her affairs. Therefore, if the allegations in George's petition could be construed as a judicial confession that Mrs. Craft lacked capacity to consent in November 2018, the allegations in Cheryl's reconventional demand arguably could similarly be construed as a judicial confession of the opposite fact, *i.e.*, that Mrs. Craft possessed capacity to consent in November 2018.

6

A review of the record reveals George's position at trial was not "plainly inconsistent" with his prior position. At trial, he continued to maintain Mrs. Craft generally lacked capacity to consent due to Alzheimer's disease and dementia, but acknowledged she could experience lucid intervals. He testified she executed the November 2018 powers of attorney during one of these lucid intervals. Additionally, the requirement of judicial acceptance of the prior position also was not established. Cheryl argues the trial court accepted George's prior position regarding Mrs. Craft's capacity when it issued injunctive relief prohibiting her from exercising the power of attorney granted to her. Other than Cheryl's allegations, however, the record contains no evidence of what, if any, injunctive relief was issued by the trial court.

Cheryl also argues the trial court erred in failing to consider Mrs. Craft's best interest before revoking the August 2018 power of attorney. She points out the August 2018 power of attorney contains a provision allowing revocation only by court order and *only* if a revocation of the power of attorney is in Mrs. Craft's best interest. Her argument that the trial court failed to comply with this provision is apparently based on the fact that the trial court's reasons for judgment quote the portion of the provision requiring a court order for revocation, but fail to mention the immediately following requirement that revocation must be in Mrs. Craft's best interest.[5]

This reasoning is unpersuasive. Contrary to Cheryl's arguments, we believe the trial court's partial quotation of the provision is an indication the court was fully aware of the provision and cognizant of its requirements, even if the court did not quote the provision in its entirety. Given the trial court's obvious awareness of this provision, we believe it is implicit in the trial court's revocation of the August 2018

_____

[5] Section 9.4 of the August 2018 power of attorney provides, in pertinent part: "This agency may **ONLY** be amended or revoked by Court order in my [Mrs. Craft] best interest ...."

7

power of attorney that the court found the revocation was in Mrs. Craft's best interest.

The trial court heard testimony at trial concerning Mrs. Craft's physical and medical condition; the high level of care she required; George's arrangements – past and present – to provide for Mrs. Craft's care, financial needs, and other affairs; and Cheryl's plans to care for Mrs. Craft if she was moved to Cheryl's residence. The trial court also heard conflicting evidence concerning the quality-of-care Mrs. Craft received at the nursing home. Considering the evidence before the trial court, as well as its credibility determinations, we find no manifest error in the trial court's implicit finding that it was in Mrs. Craft's best interest for George to remain in charge of her health care and other affairs and to revoke Cheryl's August 2018 power of attorney.[6]

## CONCLUSION

For these reasons, the rule to show cause issued by this court is recalled, and this appeal is maintained. The trial court's February 27, 2023 amended judgment is affirmed. Appellant, Cheryl Ogunbor, is to pay all costs of this appeal.

**RULE TO SHOW CAUSE RECALLED AND APPEAL MAINTAINED; JUDGMENT AFFIRMED.**

---

[6] These same considerations apply equally to Cheryl's argument that the trial court erred in denying her motion to move Mrs. Craft from the nursing home to Cheryl's residence. We likewise find no manifest error in the trial court's obvious conclusion that it was not in the best interest of Mrs. Craft, who was in declining health, to be moved from the nursing home where round-the-clock care was available to Cheryl's residence.

We also find no merit in Cheryl final arguments that the trial court erred: (1) in excluding on the grounds of relevancy a video CD she sought to introduce at trial; and (2) in issuing without bond a TRO and preliminary injunction prohibiting her from exercising the August 2018 power of attorney. We note no proffer was made of the CD. Generally, a party who fails to make a proffer cannot complain of the exclusion of the evidence. *Haney v. Lewis*, 15-1173 (La. App. 1st Cir. 6/3/16), 2016 WL 3127254, at *7 (unpublished), writs denied, 16-1252 & 16-1254 (La. 10/28/16), 208 So.3d 888-89. Moreover, we agree with the trial court that the CD, which purported to show verbal abuse of Mrs. Craft by her son, Larry Craft, who lived with her at the time, was not relevant to the issues before the court since Mrs. Craft is now in a nursing home and no longer resides with Larry. Nor are any issues properly before us relating to injunctive relief, since the judgment on appeal did not issue injunctive relief to any party. To obtain review of any preliminary injunction previously issued by the trial court, Cheryl was required to appeal that judgment within fifteen days. La. C.C.P. art 3612(C). Further, it appears any issue relating to a TRO would now be moot since a TRO normally expires after ten days. La. C.C.P. art. 3604(A).

8